IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE ELECTRICAL     *
WELFARE TRUST FUND, *et al.*,
                                                            *

    Plaintiffs,

                                                            *       Civil No. TDC-16-0220
v.
                                                            *

CONTROL SPECIALTIES, LLC,
                                                            *

    Defendant.
                                             *     *     *     *     *     *

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the "Second Amended Motion for Entry of Default Judgment" ("Motion") (ECF No. 28) filed by Plaintiffs, Trustees of the Electrical Welfare Trust Fund ("Welfare Fund"), Trustees of the Electrical Workers Local No. 26 ("Local 26") Pension Trust Fund ("Pension Fund"), Trustees of the Local No. 26 Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund"), Trustees of the Local No. 26 Individual Account Fund ("Account Fund"), Trustees of the Labor Management Cooperation Committee, the Collection Agent for the National Electrical Benefit Funds ("NEBF") and the Collection Agent for the Local No. 26, International Brotherhood of Electrical Workers ("the Union") (collectively, the "Trustees" of their respective "Funds"). Defendant Control Specialties, LLC ("Defendant") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On July 31, 2017, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on Plaintiffs' Motion. (ECF No. 23.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiffs' Motion be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs brought this action against Defendant under the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1132(e), to recover delinquent pension fund contributions and related relief. (ECF No. 1.) Defendant was personally served with the Complaint and summons but did not file an answer or responsive pleading within the requisite time period. On June 15, 2017, Plaintiffs moved for the Clerk's entry of default (ECF No. 9), and the Clerk entered default against Defendant on July 15, 2017 (ECF No. 10). On September 15, 2017, Plaintiffs filed the Motion, to which Defendants have not responded.[1]

## II. LEGAL ANALYSIS

### A. Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate

---

[1] Plaintiffs' Motion supersedes the motions for default judgment previously filed by Plaintiffs. (ECF Nos. 19 & 20.) I recommend that these motions be denied as moot.

2

amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B. Liability

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that employers who fail to make timely contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable

attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g).

In the Complaint, the Trustees allege that the Funds are "multi-employer plans" within the meaning of 29 U.S.C. § 1002(2). (*Id.* ¶ 4.) The Trustees are fiduciaries of the Plans within the meaning of 29 U.S.C. § 1002(21). (*Id.* ¶ 5.) Defendant is an employer that has agreed to participate in the Funds pursuant to a Collective Bargaining Agreement ("CBA"). (*Id.* ¶ 6.) The CBA, which is between Defendant and Local 26, International Brotherhood of Electrical Workers, and the National Electrical Contractors Association, Washington, D.C. Chapter, requires Defendant to "make contributions to the Funds at specified rates, and binds Defendant to the terms and conditions of the Agreements and Declarations of Trust ('Trust Agreements') establishing the Funds." (*Id.* ¶¶ 9-10.) Notwithstanding its obligations, Defendant has failed to make the contributions and to submit the reports to the Funds required by the CBA and the Trust Agreements. (*Id.* ¶ 12.) Plaintiffs have demanded payment by the Defendant, but Defendant remains delinquent in its payment obligations. (*Id.* ¶ 15.) Accepting as true the unchallenged allegations of the Complaint, Plaintiffs have established Defendant's liability for failure to pay the contributions and to submit the reports as required by the CBA and the Trust Agreements.

### C. Damages

Having determined that Plaintiffs have established Defendant's liability, it is now appropriate to determine the damages to which Plaintiffs are entitled. The damages Plaintiffs seek in the Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, Plaintiffs have provided sufficient evidence to support their claim for damages in the amount of $62,685.15.

In support of their claim for damages, Plaintiffs submit the affidavit of Michael McCarron ("McCarron"). (ECF No. 28-2.) McCarron is the Accounting Manager of the Accounting Department at the Local 26, IBEW-NECA Trust Fund Office. (*Id.* ¶ 1.) In this role, McCarron is responsible for "monitoring and maintaining records with respect to monthly contribution reports, payments made by participating electrical contractors, including those of the Defendant, the determination of whether payments were timely made and if not, the assessment of liquidated damages, interest and legal fees" in accordance with the CBA and the Trust Agreements. (*Id.* ¶ 2.) Pursuant to the CBA and the Trust Agreements, unpaid or late contribution payments are subject to a liquidated damages assessment in the amount of 20% of the monthly contribution balance due. (*Id.* ¶ 4.) In addition, interest is assessed on unpaid and late-paid contributions at the annual rate of 7%. (*Id.*) McCarron states that Defendant did not submit monthly contribution reports for the month of June 2017, and also failed to submit its contribution payment for that month. (*Id.* ¶ 8.) As such, and "[i]n accordance with the collections policies and procedures of the Joint Trust Funds," McCarron determined that Defendant's liability for the unpaid June 2017 contribution was $6,873.78. (*Id.*) I recommend that Plaintiffs be awarded $6,873.78 for Defendant's unpaid June 2017 contributions.[2] McCarron also states that based on Defendant's late and unpaid contributions, he determined that Plaintiffs are owed a total of $35,775.55 in liquidated damages.[3] (*Id.* ¶¶ 11-12.) I recommend that Plaintiffs be awarded a total of $35,775.55 in liquidated damages.

---

[2] Plaintiffs are entitled to interest at the rate of 7% per annum on the unpaid contributions for June 2017, but "those amounts have not yet been calculated since Defendant has not yet paid the June 2017 contributions and interest runs until the date payment is received." (ECF No. 28-1 at 6.) Defendant has otherwise "repaid its full obligation for outstanding interest on its late-paid contributions dating back to May 2008." (*Id.*)

[3] On October 26, 2017, I directed Plaintiffs to file a letter clarifying how the liquidated damages contained in McCarron's affidavit were calculated. (ECF No. 29.) Plaintiffs submitted a

Plaintiffs also seek an award of attorney's fees and costs, which are available in ERISA cases. 29 U.S.C. §1132(g)(2). When a court enters judgment in favor of the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id.* In calculating an award of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides guidelines for the hourly rates that lawyers may reasonably bill, based on the number of years they have been admitted to the bar:

> a. Lawyers admitted to the bar for less than five (5) years: $150-225.
> b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
> c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
> d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
> e. Lawyers admitted to the bar for twenty (20) years or more: $300-475.
> f. Paralegals and law clerks: $95-150.

---

letter clarifying McCarron's calculations, along with a table further breaking down the liquidated damages calculations. (ECF No. 33.) Although the amount of liquidated damages listed in the table exceeds the amount sought in Plaintiffs' Motion, I recommend that Plaintiffs be awarded only the lower amount of liquidated damages that are contained in the Motion.

Throughout this litigation, Plaintiffs have been represented by Charles Fuller, Johanna Montero-Okon, and Eric Wexler, of the law firm of McChesney & Dale, P.C. (*See* ECF No. 28-5.) Mr. Fuller has been a licensed attorney for over 30 years. (*Id.* at 1.) Ms. Montero-Okon has been a licensed attorney for seven years. (*Id.* at 2.) Mr. Wexler has been a licensed attorney for 15 years. (*Id.*) Plaintiffs' attorneys charged the same hourly rate for their work, but the rate changed from year to year. In 2013, Plaintiffs' attorneys charged $220 per hour, which increased to $240 in 2014, $250 in 2015, $260 in 2016, and $275 in 2017. (*Id.* at 4.) Given their respective years of experience, Plaintiffs' attorneys' hourly rates are all within or below the guidelines set forth in the Local Rules. I find that Plaintiffs' attorneys charged a reasonable hourly rate. I further find that the time Plaintiffs' attorneys spent working on this case, which is detailed in Mr. Fuller's Declaration (ECF No. 28-5), is reasonable. I recommend that the Court award to Plaintiffs attorney's fees in the amount of $19,468.00.

Plaintiffs also incurred costs in the amount of $567.82, which includes the $400 filing fee, postage costs in the amount of $117.82, and a private process server fee of $50.00. I recommend that the Court award costs to Plaintiffs in the amount of $567.82.

In total, I recommend that $62,685.15 in damages be awarded to Plaintiffs against Defendant. This amount is comprised of $6,873.78 in unpaid contributions for June 2017; $35,775.55 in liquidated damages; $19,468.00 in attorney's fees; and $567.82 in costs.

### III. CONCLUSION

In sum, I recommend that the Court:

1. Grant Plaintiffs' Second Amended Motion for Default Judgment (ECF No. 28);

2. Deny as moot Plaintiffs' initial Motion for Default Judgment (ECF No. 19) and Amended Motion for Default Judgment (ECF No. 20);

3. Enter judgment in favor of Plaintiffs against Defendant in the amount of $62,685.15.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant. Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>November 22, 2017</u>                          <u>     /s/              </u>
Date                                                  Timothy J. Sullivan
                                                     United States Magistrate Judge